**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JOHN E. PRIDE**                                                     **PETITIONER**

**VS.**                         **CASE NO.: 5:15CV00210 BRW/BD**

**WENDY KELLEY, Director,
Arkansas Department of Correction**                      **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to

United States District Court Judge Bill Wilson.  Either party may file written objections

with the Clerk of Court within fourteen (14) days of filing of this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.

An objection to a factual finding must identify the finding of fact believed to be wrong

and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized.  And, if

no objections are filed, Judge Wilson can adopt this Recommendation without

independently reviewing the record.

**II.**     **Discussion**

On July 1, 2015, petitioner John E. Pride filed the pending petition for a writ of

habeas corpus under 28 U.S.C. §2254.  (Docket entry #2)  In the petition, Mr. Pride

claimed the Arkansas Department of Correction was holding him past the expiration of

his sentence.  (#2)

Mail subsequently sent to Mr. Pride has been returned to the Court as "undeliverable."  (#4, #6, #7, #10, #14)  If Mr. Pride has been released from custody, this fact would moot his current petition.  See *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978 (1998)(petitioner's release mooted his petition because he no longer presented a case-or-controversy under Article III, § 2, of the Constitution).

On July 21, 2015, this Court gave Mr. Pride thirty days to file a supplement describing an actual injury he is currently suffering that this Court could remedy.  In other words, he was required to explain why his petition is not moot.  This Court also ordered Mr. Pride to promptly provide the Clerk with a valid address.

Mr. Pride has failed to file the requested supplement, and the time to do so has passed.  If he has been released from prison, Mr. Pride likely did not receive the Court's Order to file a supplement.  Nonetheless, he has not complied with Local Rule 5.5(c)(2)'s requirement to promptly notify the Clerk of any change of address.

Accordingly, Judge Wilson should dismiss Mr. Pride's petition, without prejudice, under Local Rule 5.5(c)(2).

## III.    Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Mr. Pride has made a substantial showing that he was denied a constitutional right.  28 U.S.C.

§ 2253(c)(1)-(2).  In this case, Mr. Pride has not provided a basis for issuing a certificate of appealability.

## IV.    <u>Conclusion</u>

For the reasons set forth above, the Court recommends that Judge Wilson dismiss Mr. Pride's petition, without prejudice, under Local Rule 5.5(c)(2), for his failure to promptly notify the Clerk of his change of address and for his failure to comply with the Court's Order of July 21, 2015.  Judge Wilson should also decline to issue a certificate of appealability.

DATED this 26th day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE